IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TRACY MCINTYRE, individually, and    )
as Mother and Next Friend of CRAIG E.    )
MCINTYRE, a minor,    )
    )
        Plaintiffs,    )
v.    )    Case No: CIV-08-565-D
    )
CODY JAMES WOLCOTT and BLOOM    )
FARMS INTERSTATE HARVESTING,    )
    )
        Defendants.    )

## ORDER

      Before the Court is the parties' Joint Application for Remand [Doc. No. 14].  The parties ask the Court to remand this action to the District Court of Kiowa County, Oklahoma, where this action was originally filed.

      The parties do not suggest that this Court lacks subject matter jurisdiction or that removal was improper or untimely.    Without presenting authority, they suggest that remand is proper because another case pending in Kiowa County District Court has been settled, and that court will administer settlement proceeds to the minor whose interest is represented by Plaintiff.  The parties also indicate that this action has been settled, and they apparently prefer that the distribution of settlement proceeds be approved by the Kiowa County District Court.

      This case was timely removed by Defendants on May 29, 2008 [Doc. No. 1].   As the basis for subject matter jurisdiction in this Court, Defendants alleged that the citizenship of the parties is diverse and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U. S. C. § 1332.

      Plaintiff did not timely object to the propriety of the removal procedures within 30 days of removal, as required by 28 U. S. C. § 1447(c).  Nor has she argued at any time that this Court lacks

subject matter jurisdiction.  The Joint Status Conference Report filed in this case states that Plaintiff "alleges jurisdiction is proper in this Court," and she stipulated to the fact that "Jurisdiction is proper."  [Doc. No. 7].

"Only two grounds for remand exist under § 1447(c), namely, (1) a lack of subject matter jurisdiction and (2) any defect other than lack of subject matter jurisdiction, i.e., a procedural or nonjurisdictional defect." *Archuleta v. Lacuesta*  131 F. 3d 1359, 1363 -1364 (10th Cir.1997).  The parties do not argue that either basis for remand exists in this case.   District courts do not have the authority to remand an action on grounds "that seem justifiable to them but which are not recognized by the controlling statute." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U. S. 336, 351 (1976).  Thus, a district court "exceeds its authority if it remands a case on grounds not expressly permitted by the controlling statute." *Buchner v. F. D. I. C.*, 981 F.2d 816, 820 (5th Cir. 1993) (citing *Thermtron*, 423 U. S. at 345.

The parties in this case have not presented argument or authority suggesting that their request is subject to any exception to the foregoing rules.    Accordingly, the Application [Doc. No. 14] is denied without prejudice to the submission of an appropriate motion supported by applicable authority.

IT IS SO ORDERED this   17th   day of November, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE